IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH'S STUDIO LLC,<br><br>Plaintiff,<br><br>v.<br><br>MIANYANGJIAJUNJIANZHUJIXIESHE BEIZULINYOUXIANGONGSI, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1259<br><br>(Judge Wiegand) |

**PLAINTIFF'S MOTION TO HOLD THE MOTION TO QUASH AND TO DISMISS IN ABEYANCE PENDING DISPOSITION OF PLAINTIFF'S RULE 11 MOTION**

Plaintiff Elizabeth's Studio LLC ("Elizabeth's Studio") respectfully moves the Court to hold the Motion to Quash Service of Process and to Dismiss the Complaint for Lack of Personal Jurisdiction (ECF No. 45, the "Motion") pending disposition of Elizabeth's Studio's Motion for Sanctions under Federal Rule of Civil Procedure 11, filed contemporaneously herewith, and to direct that any response to the Motion be filed within fourteen days after the Court rules on that motion, should a response remain necessary. In support, Elizabeth's Studio states:

1. Certain of the defendants (the "Moving Defendants") filed the Motion on July 15, 2026.

2. On July 22, 2026, Elizabeth's Studio's counsel wrote to the Moving Defendants under the Court's Standing Order regarding Rule 12(b) motions explaining that their demand to dismiss the Complaint for allegedly incomplete service of process is foreclosed by *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Counsel for Elizabeth's Studio offered three concrete cures for the Moving Defendants' objection to service: acceptance of service by counsel, a waiver of service under Rule 4(d), or service through the PRC Central Authority and asked the Moving

Defendants to withdraw the Motion. They did not respond. (*Declaration of Stanley D. Ference III*, submitted herewith, at ¶ 2.)

3. On August 11, 2026, Elizabeth's Studio served the Moving Defendants with its Rule 11 motion, which began the twenty-one-day safe-harbor period. Fed. R. Civ. P. 11(c)(2). That period expired on September 1, 2026. The Moving Defendants did not withdraw the Motion, did not accept or counter any of Elizabeth's Studio's proposed cures, and did not respond to Elizabeth's Studio's invitation to meet and confer. Elizabeth's Studio filed the Rule 11 motion today.

4. The Motion and Elizabeth's Studio's Rule 11 motion rise and fall together on a single question: whether dismissal is an available remedy where formal service of process has not been completed. The Moving Defendants' secondary argument to dismiss the complaint for lack of personal jurisdiction was addressed in Elizabeth's Studio's reply in support of its motion for entry of a preliminary injunction, where Elizabeth's Studio made a *prima facie* showing of jurisdiction. (ECF No. 50 at 3-6.)

5. Holding the Motion in abeyance until the Rule 11 question is settled is also appropriate because the Moving Defendants have stopped litigating. They appeared, opposed the preliminary injunction, agreed to extend the temporary restraining order pending a show-cause hearing, and filed the Motion. After the temporary restraining order expired by its terms on July 29, 2026, they have taken no further actions and have stopped responding to any communications. They did not respond to Elizabeth's Studio's July 22 letter. They did not respond to Elizabeth's Studio's proposed Rule 11 motion at any point during the twenty-one-day safe-harbor period. They have not filed a paper, sought a conferral, or communicated with Elizabeth's Studio's counsel about the Motion in the six weeks since.

6. The same counsel's conduct on behalf of a second group of defendants in this case follows the same arc. After the Moving Defendants filed their opposition to the preliminary injunction, DGW Kramer LLP then appeared for a second group of defendants — Defendant No. 70 (westernshirtsrider.com) and Defendant No. 99 (westernshirtsranch.com) — on July 8, 2026, and pressed Elizabeth's Studio for a prompt resolution because, in counsel's words, "time is of the essence." (Ference Dec. at ¶ 3.) On July 15, 2026, counsel wrote that "Defendant Nos. 70 and 99 accepted Plaintiff's settlement offer" and asked Elizabeth's Studio to circulate settlement agreements. (*Id.*) Elizabeth's Studio did so the next day. (*Id.*) On July 20, counsel returned a revised agreement and asked Elizabeth's Studio to send finalized documents "for execution." (*Id.*) Elizabeth's Studio sent its redlines on July 22. (*Id.*) Then the temporary restraining order expired, and counsel went silent except to report that the two Defendants "have no money," that they "have no choice but to renege on the settlement," and that they "will be defaulting with respect to the claim." (*Id.*)

7. This behavior follows a pattern counsel for Elizabeth's Studio has observed. The only legal action that causes foreign infringers to appear and defend is the freezing of their accounts—if they are able to drain their accounts, they simply disappear and allow default to be taken against the fictitious identities they invented to form their online storefronts. (Ference Dec. at ¶ 4.)

8. Although the Court in its previous order advised that further extensions would not be granted, the situation has now changed substantially. It appears that the Moving Defendants no longer intend to defend this action and that proceeding with briefing and adjudicating the Motion will simply waste the time and energy of the Court and Elizabeth's Studio.

9. In accordance with the Court's Chambers Practices and Local Civil Rule 7.1, undersigned counsel has attempted in good faith to confer with counsel for the Moving Defendants regarding this request. (Ference Dec. at ¶ 5.)

WHEREFORE, Elizabeth's Studio respectfully requests that the Court hold briefing on the Motion in abeyance pending disposition of Plaintiff's Motion for Sanctions under Federal Rule of Civil Procedure 11 and that the Court direct that any response to the Motion be filed within fourteen days after the Court rules on that motion, should a response remain necessary.

Respectfully submitted,

Dated: September 2, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff